## BENJAMIN P. PETTY *v.* JOHN S. FUQUA.

**Consideration for Note.**

> A note executed in consideration that the payee will induce the re-delivery of a horse won at a game of cards is not valid, since there is no consideration to base it upon. Such a note is unenforcible even in the hands of an innocent holder.

### APPEAL FROM OHIO CIRCUIT COURT.

March 22, 1879.

OPINION BY JUDGE HINES:

No question is presented except as to the sufficiency of the evidence to support the verdict. The proof, without conflict, is to the effect that the consideration for the note was a horse won by Gross of appellant at a game of cards. Conceding the existence of every fact that the jury may have found from the evidence, yet we are of the opinion the judgment and verdict are unauthorized. It matters not that the horse was transferred by Gross to Hedden, as the jury may have found, and that the note was executed to Hedden in consideration of his having secured or induced the re-delivery of the horse to appellant; nor does it matter that Hedden surrendered his claim on Gross in consideration of the execution of the new note. Hedden is in no better attitude than he would have been if he had paid value for the note to Gross and had it indorsed to him. Petty could have recovered the horse either of Gross or Hedden, and there was therefore no consideration for the note. It was absolutely unenforcible, even in the hands of an innocent holder. *Brittain v. Duling,* 15 B. Mon. 138; General Statutes, pp. 495-496, Sec. 1 and 2. Whatever defense Petty could have made to the note in the hands of Hedden he can make against Hedden's assignee.

The court should have directed the jury to find for the appellant. The facts of this case appearing in the record do not bring it within Section 341 of Civil Code.

Wherefore the judgment is *reversed* and cause remanded with directions for further proceedings consistent with this opinion.

*Townsend & Massie, for appellant.*

*Walker & Hubbard, for appellee.*